**LYNDEN TRANSFER, INC. and North American Van Lines, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**No. 289.**

United States District Court
W. D. Washington, N. D.
Feb. 9, 1967.

James T. Johnson, Seattle, Wash., Martin A. Weissert, Fort Wayne, Ind., for plaintiffs.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for the United States.

Robert W. Ginnane, Gen. Counsel, Manny H. Smith, Atty., I. C. C., Washington, D. C., for I. C. C.

Before HAMLEY, Circuit Judge, and LINDBERG and BEEKS, District Judges.

BEEKS, District Judge:

This court is called upon to write yet another chapter in the seesaw history of a carrier's application for a certificate of public convenience and necessity.

Alaska Truck Transport, Inc., of Anchorage, Alaska, hereinafter called "applicant," filed its application in August of 1959 requesting authority in the form of a certificate of public convenience and necessity to transport certain classes of commodities, including household goods, by motor vehicle between points in Alaska and Seattle, and between Alaska and Great Falls, Montana. Certain other carriers registered their objections to the application at a hearing held in Anchorage in August of 1963. The hearing examiner, in his report served in June of 1964, recommended that the application be granted in all respects here relevant. After the parties filed their exceptions to the recommendations of the hearing examiner, the I.C.C.'s Operating Rights Review Board reviewed the record, and in December of 1964 entered its finding that the applicant had failed to establish the need for two major portions of its proposed service: the transportation of household goods, between Alaska and either Seattle or Great Falls, and the transportation of other commodities between Alaska and Seattle. The Review Board left intact, however, the grant of authority to carry commodities other than household goods between Alaska and Great Falls. Applicant then petitioned for reconsideration, but the Commission, Division 1, acting as an appellate division, denied the petition, "for the reason that the findings of the Operating Rights Review Board Number 3 are in accordance with the evidence and the applicable law." Applicant then sought a determination that an issue of general transportation importance was involved, but the Commission, by order of May 12, 1965, found that no such issue was involved. In the same order, however, for reasons which do not appear, the Commission reopened the proceeding for reconsideration upon its own motion; and after reconsideration, in an opinion filed September 23, 1965 to which there were four dissents, reversed the order of the Operating Rights Review Board and entered an order substantially identical to that recommended by the hearing examiner. The basic import of the Commission order was to grant applicant the authority to transport general commodities, including household goods, between points in Alaska and both Seattle and Great Falls. The petitions of North American Van Lines, Inc., ("North American") to vacate the order and of Lynden Transfer, Inc. ("Lynden") for reconsideration were denied, and the certificate was issued.

Lynden and North American then filed this action, requesting that this court find the Commission's order beyond the lawful authority of the I.C.C. and void, and that this court set it aside and enjoin its enforcement. North American challenges only that portion of the order which authorizes applicant to transport household goods. Lynden challenges only that portion which authorizes applicant

to transport other commodities between Seattle and Alaska. Neither plaintiff challenges the grant of authority to transport commodities other than household goods between Great Falls and Alaska.

Plaintiffs make two distinct attacks upon the order of the Commission. First, they contend that the Commission was without authority, under the applicable statutes and under its own rules, to reopen the proceedings for reconsideration upon its own motion, once the case had been remanded to the appellate division and that body had upheld the Operating Rights Review Board. Secondly, they contend that there was no substantial evidence to support the relevant grants of authority, and that therefore the Commission acted arbitrarily and capriciously in so doing.

Plaintiffs have made a prepotent argument in support of their contention that the Commission was without authority to reopen these proceedings for reconsideration upon its own motion; and that therefore the order which followed that reconsideration was unlawful and void. On the state of the record before us, however, we need not reach that question, for we conclude that there was no substantial evidence adduced at the hearing to support the finding that there was a need for the services of applicant which are here being challenged. A review of the relevant evidence is therefore indicated.

Applicant relies heavily upon four exhibits offered into evidence at the hearing which constituted a record of applicant's operations between Alaska and the Continental United States in the period of 1956–1963. Plaintiffs aptly point out, and the Government concedes, that the latest shipment of non-household goods between Seattle and Alaska shown in those records occurred in January of 1962. Testimony at the hearing by applicant's president indicates that this abrupt cessation of this portion of their shipping business resulted, at least in part, from the award of a mail contract to an authorized carrier, and the improvement in the carrier's services which that award made

possible. The records, therefore, at best offer no evidence in support of the need for an authorization to applicant to transport non-household goods between Seattle and Alaska.

The exhibits do show a substantial and increasing volume of shipments of household goods by applicant. Such shipments, however, were made by applicant without authority, and were therefore unlawful. The illegality of past operations does not, *ipso facto*, disqualify an applicant attempting to gain such authority. Armored Carrier Corporation v. United States, 260 F.Supp. 612 (E.D.N.Y. 1966). In fact, there is authority for the position that where unauthorized operations are carried on "under color of law," a record of those operations may constitute evidence of a need for the services provided. Best Way Motor Freight, Inc. v. United States, 253 F.Supp. 314, 319 (W.D.Wash.1966) and cases cited therein. However, where those operations are carried on in wilful disregard of the law, they may not be used as evidence for this purpose. We cannot allow a carrier to better his position by electing to flout the law rather than to obey it. Such is the situation in the case at bar. In separate proceedings in December of 1959 applicant was granted temporary authority to transport general commodities between Alaska and Seattle and Great Falls; but household goods were specifically excluded from that grant of authority. From that date forward, at least, applicant was fully aware that it was prohibited by law from transporting household goods between the continental United States and Alaska. We hold that applicant's shipments of household goods subsequent to that date were in wilful violation of the law and therefore are not admissible to show the need for the services provided.

The I.C.C., in reversing the order of the Operating Rights Review Board and again in this court, points out that in December of 1960 applicant filed a "grandfather petition" for authority to transport household goods. The I.C.C. contends that although this petition was

eventually denied in 1963, shipments of household goods made during its pendency were made, "under color of law." We fail to understand how the filing of a petition for authority, without more, can be said to supply the authority sought while the petition is pending.

The evidence of shipments of household goods made by applicant prior to December of 1959 is too remote to be of any probative value in determining the need for applicant's services in 1963.

The only other evidence offered at the hearing by applicant as to the need for its proposed services was the testimony of three shippers. A representative of an accounting firm with a branch in Anchorage testified that his company had employed applicant on five separate occasions to move the household goods of employees between Seattle and Alaska, and was planning five more such moves. This witness stated that he had been satisfied with the service provided by applicant, that he found it convenient to deal with a carrier located in Anchorage, rather than in Seattle, and that he had experienced delay and difficulty when moves were attempted by employing carriers using the sea route. He admitted, however, that he had no experience with the services of North American, the only carrier authorized to carry household goods on the all-highway route between Seattle and Anchorage. Nor is there any indication his company had ever investigated the services offered by North American. For this reason, his testimony is of no probative value in showing that applicant's services would fill needs which are not adequately being met by the currently authorized carrier of household goods.

A representative of a general contractor in Fairbanks testified that his company needed the expedited motor carrier service proposed by the applicant. It had used the services of Lynden and other carriers, and had no complaint as to any of the services rendered. While the representative indicated that his company was interested in expedited service, he was uncertain of the existing transit time in shipments by the authorized carrriers. Furthermore, his testimony indicated that the bulk of his company's shipments were channeled through Great Falls, and therefore is not probative as to the need for the challenged grant of authority to transport general commodities between Seattle and Alaska.

A representative of an electrical equipment distributor testified that his company would benefit from expedited motor carrier service to Alaska from Great Falls and Seattle. Faster service was needed particularly in connection with shipments from its main plant in Virginia. This testimony, however, also was relevant primarily to the grant of authority to operate between Great Falls and Alaska, and did not constitute probative evidence as to the need for applicant's services between Seattle and Alaska.

■■ We conclude that the Operating Rights Review Board correctly determined that at the hearing applicant adduced no substantial evidence, as that phrase is interpreted by the United States Supreme Court in Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966), of a need for any of its proposed services other than the transportation of non-household goods between Great Falls and Alaska. We therefore hold the subsequent order of the I.C.C. to the contrary unlawful and plaintiffs are entitled to a decree enjoining its enforcement. The order is set aside and the case remanded to the I.C.C. for further proceedings consistent with this opinion. Plaintiffs are directed to prepare a decree in conformity herewith to be presented to the court upon ten days' notice to counsel for the Government.