**ST. JOHNSBURY TRUCKING COMPANY, Inc. and Holmes Transportation, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Gleason Transportation Co., Inc., Intervenor-Defendant.**

**Civ. A. No. 5989.**

United States District Court,
D. Vermont.

Feb. 16, 1971.

Charles E. Gibson, Jr., Montpelier, Vt., Francis E. Barrett, Milton, Mass., Kenneth B. Williams, Boston, Mass., A. Alvis Layne and William A. Chesnutt, Washington, D. C., for plaintiffs.

David A. Gibson, Asst. U. S. Atty., Rutland, Vt., for defendant United States.

Peter A. Fitzpatrick, Washington, D. C., for defendant Interstate Commerce Commission.

Ralph A. Foote, Middlebury, Vt. and Frederick T. O'Sullivan, Milton, Mass., for intervenor-defendant Gleason Transportation Co., Inc.

Before SMITH, Circuit Judge and LEDDY and OAKES, District Judges.

LEDDY, District Judge.

## I. STATEMENT OF FACTS

St. Johnsbury trucking Co., Inc. and Holmes Transportation, Inc. bring this action to enjoin the enforcement of an order of the Interstate Commerce Commission and also to set aside such order. The order, docketed as Mc-126142 (Sub-No. 1), Gleason Transportation Co., Inc., Extension—General Commodities, extended the authority of Gleason who had formerly held a license to transport only such merchandise as is dealt in by chain grocery stores between all points in Vermont and other designated points. Specifically through this contested order, the Commission granted Gleason a certificate of public convenience and necessity which carries with it the authority for

Gleason to deliver general commodities over irregular routes between all points in Vermont. The effect of the order in issue was to enlarge the permissible operating scope of Gleason. Plaintiffs are competing motor carriers who oppose the granting of a certificate of public convenience and necessity to Gleason.

## II. JURISDICTION

■ Plaintiffs bring this action pursuant to 49 U.S.C. §§ 17(9) and 305(g) and (h) and 5 U.S.C. §§ 702 and 704, and finding jurisdiction, a three-judge court was convened pursuant to 28 U.S. C. § 2284. Plaintiffs have standing to sue under § 305(g) of the Interstate Commerce Act, 49 U.S.C. § 305(g) which provides in part: "Any final order made under this chapter shall be subject to the same right of relief in court by any party in interest * * *" Competing lines such as plaintiffs, St. Johnsbury and Holmes, are parties in interest within the statute. Hudson Transit Lines v. United States, 82 F.Supp. 153 (S.D.N.Y.1948), aff'd 338 U.S. 802, 70 S.Ct. 59, 94 L.Ed. 485 (1948).

## III. QUESTIONS PRESENTED

Plaintiffs raise essentially three issues. First, they claim that a finding of "fitness" is essential by the Interstate Commerce Commission and that the Commission made such a finding unsupported by record evidence and in the absence of subordinate findings. Secondly, plaintiffs claim that the Commission erred in that the Commission considered evidence of past unlawful transportation activities of applicant Gleason to sup-

port a finding that public convenience and necessity required the granting of increased authority to Gleason. Thirdly, plaintiffs contend, and correctly so, that applicant Gleason had the burden of demonstrating fitness at the original hearing[1] and that since Gleason submitted no evidence concerning its ability to comply with Commission regulations concerning motor vehicle safety, insurance, tariffs and annual reports, fitness has not been proved and applicant Gleason is therefore unfit. We find little merit in the questions raised by plaintiffs.

The statute with which we are principally involved is § 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307 (a), which provides:

a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is *found* that the applicant is *fit*, willing and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future *public convenience and necessity*; otherwise such application shall be denied * * * (emphasis added).

■ It is thus incumbent upon the Commission to make basic findings of (1) fitness and (2) public convenience and necessity. Such findings were indeed made by the Commission in the case at bar.[2]

---

1. See Kroblin Refrigerated Xpress, Inc. v. United States, 197 F.Supp. 39 (N.D.Iowa 1961).

2. The required statutory findings made by the Commission read as follows:

In finding applicant fit and able to conduct the proposed operation, the Board does not overlook the proof that it has handled commodities freely beyond the scope of its operating authority. Applicant is admonished by the Board to cease and desist from such

operations unless and until it obtains the required operating authority. In granting this application, the Board recognizes the expressed need for such an operation; which apparently is not available in equal quality from any other carrier.

Upon consideration of all evidence of record, the joint board finds that the present and future public convenience and necessity require operation by applicant as a common carrier by motor vehicle, in interstate or foreign com-

The Commission is also bound by the provisions of the Administrative Procedure Act in this regard which provides in relevant part:

[a]ll decisions * * * shall include a statement of—

(A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record; * * *

5 U.S.C. § 557(c) (3) (A) (1966).

▉ However, the Commission is not required to make the detailed findings of fact required by Rule 52(a) of the Federal Rules of Civil Procedure. Armored Carrier Corp. v. United States, 260 F.Supp. 612 (E.D.N.Y.1966); Chicago & E. I. R. Co. v. United States, 107 F.Supp. 118 (S.D.Ind.1952), aff'd mem., 344 U.S. 917, 73 S.Ct. 346, 97 L.Ed. 707 (1953). The Commission moreover is not compelled to annotate to each finding the evidence supporting it, United States v. Pierce Auto Freight Lines, 327 U.S. 515, 529, 66 S.Ct. 687, 90 L.Ed. 821 (1946), so long as the required statutory findings are made. Once such required findings are made we must sustain the Commission if its findings are supported by substantial evidence on the record considered as a whole. St. Johnsbury Trucking Co. v. United States, 99 F.Supp. 977 (D.Vt.1951).

(a) *Public Necessity and Convenience*

▉ The record is replete with evidence of need for the services that applicant Gleason could offer with an enlarged certificate. Several witnesses testified as to the excellent service provided by applicant on small shipments from Boston to Vermont. Most of these witnesses supported Gleason's application because they needed overnight and less than truckload handling into Vermont.

Two tire manufacturers from the Boston area particularly noted their need in the less than truckload category, and cited the service of applicant Gleason in this regard as excellent while that of larger carriers such as plaintiffs as unsatisfactory on less than truckload traffic. One plumbing supply company operating out of Vermont had made a complaint about one of the larger truckers because he was unable to reasonably obtain delivery of supplies out of the Boston area when his order was less than truckload. Nor could he obtain overnight service until, on his own initiative, he contacted the applicant who could provide this kind of service. The fact that applicant Gleason employed no one for solicitation of freight and was still contacted by shippers of merchandise further indicates the need for Gleason's service in the less than truckload and overnight delivery area. The Vermont plumbing supply company bears this out, stating that it contacted applicant on another shipper's recommendation. In addition, a New Hampshire tire concern, a shoe manufacturer, a dry goods shipper from Plattsburgh, New York, a small Vermont retail tire concern and a Vermont hardware company all confirm the conclusion that applicant could meet their needs as bigger truckers could not in the less than truckload and overnight shipping area. Combining this evidence with the fact that plaintiffs themselves interlined freight with Gleason leads inescapably to the conclusion that there is a need for applicant's service and that applicant could and was satisfying the smaller businesses who shipped and received less than truckload freight or who required overnight service.

On the other hand, there was evidence of delay on the part of plaintiffs as to

---

merce, of general commodities, (except those of unusual value, Class A and B explosives, household goods as defined by the Commission, commodities in bulk, commodities in tank vehicles, commodities requiring special equipment and those injurious or contaminating to other lading), between all points in Vermont, over irregular routes.

The joint board further finds that applicant is fit, willing, and able properly to perform such service and to conform to the requirements of the Interstate Commerce Act and the Commission's rules and regulations thereunder; and that an appropriate certificate should be issued.

delivery of less than truckload shipments. The Commission in finding the need for the services that applicant Gleason provided as regards overnight and less than truckload shipments said:

> The fact that the superior service of applicant as spelled out in the record is confined to the movement of less than truckload traffic does not militate against the granting of the complete service sought by the application * * *. In granting this application the Board recognizes the expressed need for such an operation; which apparently is not available in equal quality from any other carrier.

The Commission also found that both plaintiffs had interlined freight with the applicant because it was uneconomical for them to deliver small shipments in the area in which applicant operated without delay.

It is noteworthy in reviewing the record that Gleason's application was supported by the State of Vermont Development Commission which noted that industries were on the rise in smaller Vermont towns and rail service was declining, thus creating a need for more transportation such as the applicant could provide.

### Past Violations

The question of past violations of the Interstate Commerce Act bears equally upon the questions of public convenience and necessity as well as the issue of fitness.

■■ The plaintiffs make much of the fact that the applicant had violated provisions of the Interstate Commerce Act. Most of these violations involved operations in excess of Gleason's authority in carrying general commodities when its certificate provided that it could transport only such commodities as are dealt with by chain grocery stores. It is also true that some of the witnesses who supported Gleason's application utilized the latter's service when it was exceeding its certificate. Plaintiffs contend that service to customers while applicant was exceeding its authority should not be considered as evidence upon the question of necessity. We disagree. The illegality of past willful operations does not *ipso facto* bar the granting of a certificate by the Commission. In Armored Carrier Corp. v. United States, 260 F. Supp. 612 (E.D.N.Y.1966), the Court said: "the I.C.C. is to consider such willful misconduct as an element in assessing the applicant's present and prospective 'fitness' within the Act." 260 F.Supp. at 615. However, there is also authority for the proposition that if past violative operations were willful then such operations should not be considered as evidence of need, thereby penalizing the past illegal operations. See Lynden Transfer, Inc. v. United States, 263 F. Supp. 336 (W.D.Wash.1967); *but cf.* Best Way Motor Freight, Inc. v. United States, 253 F.Supp. 314 (W.D.Wash. 1966).

■ In the case at bar, it is clear that the Commission carefully considered the past violations of Gleason in its operations and admonished the latter to cease and desist from such operations. The Commission ordered an investigation of Gleason's operations in 1967 concerning violations and found that such violations were not willful and did not warrant a suspension of authority. See Gleason Transportation Co., Inc.—Revocation of Certificate, 112 M.C.C. 228–230 (1970). Lastly, there is evidence in the record supporting the Commission's finding of public convenience and necessity other than the evidence based upon Gleason's operation beyond the scope of its certificate. Such evidence consisted of the testimony of a large sugar manufacturer who utilized the applicant's service almost exclusively; such service being within the scope of applicant Gleason's original authority since sugar is a commodity dealt in by chain grocery stores. The Commission found that "[t]he manner in which applicant has distributed sugar in Vermont establishes its ability to deliver small shipments at many destinations."

Accordingly, we find that a basic finding of public convenience and necessity was made by the Commission as required by statute; that the finding of need is supported by subsidiary findings; and that such findings are supported by substantial evidence on the record considered as a whole.

### (b) *Fitness*

Plaintiffs contend that the Commission's finding of fitness is unsupported by the record, that the burden is on applicant Gleason to demonstrate its fitness and that Gleason did not produce evidence regarding its ability to comply with the Commission's regulations concerning vehicle safety, insurance, tariffs and annual reports. This failure, claim the plaintiffs, makes applicant Gleason *per se* unfit and mandates a remand.

This contention of plaintiffs is not in harmony with the realities of this case. First, compliance with Commission operating regulations was never in issue before the Commission. Applicant is a pre-existing carrier merely seeking an enlargement of its permissible authority. Second, the plaintiffs themselves utilized the services of Gleason on less than truckload shipments, a fact upon which the Commission in its report placed much reliance. Third, the applicant, Gleason, introduced its books and financial data through its accountant and from this evidence could properly be drawn the conclusion that Gleason was not unfit financially. Fourth, it appears that in making a basic finding of fitness, the Commission considered the question of regulation compliance though it was not seriously in issue.

Judge Augustus Hand said in Luckenbach S. S. Co. v. United States, 122 F. Supp. 824 (S.D.N.Y.), aff'd 347 U.S. 984, 74 S.Ct. 850, 98 L.Ed. 1120 (1954):

> It is only necessary that the essential basis of the Commission's order appear in the report so that a Court can satisfy itself that the Commission has performed its function * * *

Thus, where the issue raised does not seem of manifest importance and the Commission has indicated that it has considered it, we do not think it wise or necessary to protract the litigation further by remanding the order for more explicit and seemingly useless discussion. 122 F.Supp. at 828–829.

 Lastly, the questions of fitness and paramount public interest are uniquely committed to the expertise of the Commission. The scope of judicial review accorded this Court is limited to ascertaining whether there is warrant in law and fact for what the Commission has done. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946). We find no prejudicial departure from the requirements of law that require the remand of this case for further consideration.

Accordingly, the plaintiffs' action is dismissed.

